1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GARY DALE POOLE,

      Petitioner,

   v.

MIMMS, Sheriff,

      Respondent.

Case No. 1:14-cv-00808-LJO-BAM-HC

FINDINGS AND RECOMMENDATIONS
TO DISMISS THE PETITION WITHOUT
PREJUDICE FOR PETITIONER'S FAILURE
TO PROSECUTE AND FOLLOW AN ORDER OF
THE COURT (DOC. 1), DECLINE TO
ISSUE A CERTIFICATE OF
APPEALABILITY, AND DIRECT
THE CLERK TO CLOSE THE CASE

**OBJECTIONS DEADLINE:**
**THIRTY (30) DAYS**

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on May 28, 2014.

     On May 30, 2014, new case documents, including an order directing the Petitioner to notify the Court within thirty days of whether or not he consented to Magistrate Judge jurisdiction, were served by mail on Petitioner at the address listed on the docket.

1

When Petitioner failed to respond to the order, a second order regarding consent was filed and served on Petitioner by mail at the address listed in the docket on July 15, 2014.  On July 18, 2014, the order was returned as undeliverable.

I.   Dismissal of the Petition

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> (b)  Address Changes.  A party appearing in propria persona
> shall keep the Court and opposing parties advised
> as to his or her current address.  If mail directed
> to a plaintiff in propria persona by the Clerk is
> returned by the U.S. Postal Service, and if
> such a plaintiff fails to notify the Court and
> opposing parties within sixty-three (63) days
> thereafter of a current address, the Court may
> dismiss the action without prejudice for failure
> to prosecute.

Further, Local Rule 110 provides:

> Failure of counsel or of a party to comply with these
> Rules or with any order of the Court may be grounds
> for imposition by the Court of any and all sanctions
> authorized by statute or Rule or within the inherent
> power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

2

Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, over sixty-three (63) days have passed since Petitioner's mail was first returned, and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, because the petition has been pending for a lengthy period, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

1  unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>,

2  542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

3  policy favoring disposition of cases on their merits -- is greatly

4  outweighed by the factors in favor of dismissal discussed herein.

5  Finally, the Court has reviewed the "consideration of alternatives"

6  requirement.  <u>See</u>, <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833

7  at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order dated May

8  30, 2014, which was served by mail on Petitioner on the same date,

9  expressly informed Petitioner that each party appearing in propria

10  persona was under a continuing duty to notify the Clerk and all

11  other parties of any change of address by filing a separate notice;

12  absent such notice, service at a prior address should be fully

13  effective.  (Doc. 3, 2.)  Because Petitioner has failed to inform

14  the Court of his new address, it is not possible for the Court to

15  communicate with Petitioner or to explore any alternatives short of

16  dismissal of the case.

17      The Court concludes that dismissal is appropriate.

18  II.  <u>Certificate of Appealability</u>

19      Unless a circuit justice or judge issues a certificate of

20  appealability, an appeal may not be taken to the Court of Appeals

21  from the final order in a habeas proceeding in which the detention

22  complained of arises out of process issued by a state court.  28

23  U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336

24  (2003).  A district court must issue or deny a certificate of

25  appealability when it enters a final order adverse to the applicant.

26  Rule 11(a) of the Rules Governing Section 2254 Cases.

27      A certificate of appealability may issue only if the applicant

28  makes a substantial showing of the denial of a constitutional right.

4

§ 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court should decline to issue a certificate of appealability.

III.  Recommendations

Accordingly, it is RECOMMENDED that:

1)  The petition for writ of habeas corpus be DISMISSED without prejudice for Petitioner's failure to follow the order of the Court and failure to prosecute the action; and

2)   The Court DECLINE to issue a certificate of appealability; and

3)   The Clerk be DIRECTED to close the action because an order of dismissal would terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.   Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __October 14, 2014__          /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE